IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KEITH GRIMES,<br><br>　　　　　　Defendant. | CRIMINAL ACTION<br>NO. 16-59 |

**OPINION**

**Slomsky, J.**                                                                                                              **April 21, 2016**

**I.     INTRODUCTION**

Before the Court is Defendant Keith Grimes' Motion for Reconsideration of Pretrial Detention. (Doc. No. 11.) The Government filed a Motion for Pretrial Detention on March 4, 2016. (Doc. No. 7.) After a hearing held before United States Magistrate Judge Marilyn Heffley on March 4, 2016, the Government's Motion was granted. This Court held a hearing on Defendant's Motion for Reconsideration on April 15, 2016, at which counsel for Defendant and the Government presented arguments in support of their respective positions on Defendant's Motion for Reconsideration. After consideration of the arguments made by counsel for the parties and the briefs filed of record by counsel, the Court will deny Defendant's Motion for Reconsideration of Pretrial Detention.

**II.    BACKGROUND**

On February 24, 2016, a grand jury returned an Indictment charging Defendant Keith Grimes with the following offenses:

1) Possession with intent to distribute a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a substance containing a detectable

1

amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841 (Count I);

2) Possession with intent to distribute a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a substance containing a detectable amount of marijuana, a Schedule I controlled substance, within 1,000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841 and 860 (Count II);

3) Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count III); and

4) Possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count IV).

(Doc. No. 1.)

On April 15, 2016, at the hearing held before this Court, Defendant was present and counsel for both parties presented arguments in support of their respective positions on Defendant's Motion for Reconsideration of Pretrial Detention. At the hearing, counsel for Defendant argued that under the Bail Reform Act of 1984, 18 U.S.C. § 1342, Defendant did not present a danger to the community and did not pose a risk of flight. Counsel for Defendant relied upon the fact that Defendant's last violation of law occurred over eight years ago, and that Defendant is the primary caregiver of Defendant's four children.

The Government countered that Defendant's Motion should be denied because, given Defendant's criminal history and the charges that he faces, Defendant does present a danger to the community and there is a presumption that Defendant poses a flight risk. The Government asserted that Defendant was involved in a significant drug trafficking operation and was in

possession of a dangerous firearm, illegally possessed because Defendant is a convicted felon. The Government also argued that Defendant lied to a Pre-Trial Services Officer about his residence and also has a history of failing to abide by court-ordered bail conditions in previous criminal proceedings before other courts.[1] Therefore, the Government believed that there is no reasonable assurance that Defendant will appear before the Court in the present proceeding. As such, the Government argued that bail should be denied.

### III. JURISDICTION

Defendant moves for pretrial release, which is in essence a request for a review of Magistrate Judge Heffley's March 4, 2016 Detention Order. This Court has jurisdiction to review the Magistrate Judge's Detention Order under 18 U.S.C. § 3145(b). Section 3145(b) "requires this Court to make a *de novo* determination of the findings of fact underlying the detention Order." United States v. Cole, 715 F. Supp. 677, 677 (E.D. Pa. 1998) (citing United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985)).

### IV. LEGAL STANDARD

Detention of federal defendants prior to trial is controlled by the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. Pursuant to 18 U.S.C. § 3142(e)(1), a defendant may be detained pending trial:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community.

---

[1] See e.g., Commonwealth v. Grimes, CP-51-CR-0011292-2008 (Pa. Ct. Com. Pl. Sept. 10, 2008); Commonwealth v. Grimes, MC-51-CR-0036054-2015 (Pa. Ct. Com. Pl. Nov. 19, 2015).

Furthermore:

> Subject to rebuttal by [a defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that [a defendant] committed–
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

Id. § 3142(e)(3)(A); see also United States v. Strong, 775 F.2d 504, 507 (3d Cir. 1985) (noting that, in enacting 18 U.S.C. § 3142(e), Congress explicitly equated these drug offenses under the Controlled Substances Act with danger to the safety of the community for purposes of detaining a defendant pending trial).

### V. DISCUSSION

Defendant is charged in the Indictment with two counts of drug possession, in violation of 21 U.S.C. §§ 841 and 860. These offenses carry a mandatory minimum sentence of ten years imprisonment. Defendant is also charged with a firearm offense in violation of 18 U.S.C. § 924. These are offenses to which the statutory rebuttable presumption applies "that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). The statutory presumption therefore is triggered and detainment of Defendant is warranted. See id. at § 3142(e)(1).

The requisite probable cause to establish that Defendant in this case committed a crime that creates the presumption is initially established by the grand jury finding sufficient evidence to support the charges contained in the Indictment. An indictment "is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)." United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986) (noting that although the Government always carries the burden of persuasion, the probable cause determination predicated on an indictment merely shifts the burden of producing lack of evidence of

4

dangerousness onto the defendant); United States v. Levy, No. 08-393, 2008 WL 4978298, at *1 (E.D. Pa. Nov. 20, 2008) (noting that based on an indictment, defendant is subject to the statutory presumption against bail set forth in 18 U.S.C. § 3142(e)). Furthermore, the probable cause to believe Defendant committed the offenses charged in the Indictment is buttressed by the fact that the Government possesses evidence against Defendant that includes extensive law enforcement surveillance of Defendant's drug trafficking operation, purchase of illegal substances from Defendant by a confidential informant, seizure of illegal drugs and a firearm at the residence from which Defendant conducted his drug operation, and testimony from a witness that connects Defendant to that residence. (Doc. No. 20 at 4-7.)

Based on the foregoing, the statutory presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community is applicable in this case. See Suppa, 799 F.2d at 119; 18 U.S.C. § 3142(e)(3).

Having found the presumption applicable, the burden shifts to Defendant to rebut this presumption. Rebuttal evidence Defendant may put forward includes "'testimony by co-workers, neighbors, family physician, friends, or other associates concerning the arrestee's character, health, or family situation,' or evidence of steady employment." Levy, 2008 WL 4978298, at *1 (quoting United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986)); see also Suppa, 799 F.2d at 120. Defendant may also proceed by proffer. See Suppa, 799 F.2d at 118 (citing Delker, 757 F.2d at 1390; 18 U.S.C. § 3142(f)). No single factor or combination of factors is dispositive. Levy, 2008 WL 4978298, at *1. The ultimate determination on this issue is for the Court, "based on all evidence and arguments adduced." Id. The Court should consider Defendant's rebuttal evidence in light of certain factors, including: (1) the nature and circumstances of the offenses charged, including whether the offenses involve drugs or firearms;

5

(2) the weight of the evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger to the community that would be posed by Defendant's release. See Levy, 2008 WL 4978298, at *1; 18 U.S.C. § 3142(g).

Although Defendant did not present any witnesses at the hearing to testify on his behalf, he argued that he is engaged to be married and cares for four children. He argued that he has had no legal matters within the past eight years and that he is employed as a home health worker. Defendant asserts that he owns several properties and is the primary supporter of his family. (Doc. No. 11 at 3.) Defendant also proffers that his grandfather will provide money to post bail if set by the Court. (Id.) He also argues that he surrendered himself voluntarily after learning that the agents were looking for him after securing an arrest warrant.

The proffers made by Defendant do not overcome the statutory presumption applicable here. The nature and circumstances of the offenses charged involving quantities of controlled substances are specifically listed in 18 U.S.C. § 3142(e)(3)(A). The weight of the evidence proffered by the Government is substantial. The Government has established that it possesses ample evidence that will prove Defendant has committed the offenses listed in the Indictment. This evidence includes extensive surveillance of Defendant's drug trafficking operation that was conducted by law enforcement. The evidence also consists of substances and a firearm seized at Defendant's property while he was present, as well as testimony of a witness that Defendant lived at the property where the search warrant was executed and the contraband was seized. The government also has evidence that a confidential informant purchased illegal drugs from Defendant. In addition, the Government asserts that at the time the search warrant was executed, agents searching Defendant's home recovered a scale, tally sheets relating to drug transactions, a cooking pot with cocaine residue on it, cutting agents used in the sale of crack cocaine, bags used

for drug distribution, and a firearm with a significant amount of ammunition in its vicinity. (Doc. No. 20 at 7.) Moreover, there is evidence here that Defendant did not give the Pre-Trial Services Officer his correct address (id. at 11), and Defendant has some history of failing to abide by court-ordered bail conditions.

Given all of the arguments that the parties have made in this case, Defendant has not overcome the presumption that he would pose a risk of flight or presents a danger to the safety of the community.

**VI.     CONCLUSION**

Based on the nature of the charges involved and the foregoing reasons, Defendant's Motion for Reconsideration of Pretrial Detention will be denied. An appropriate Order follows.