IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>KEITH GRIMES,<br><br>              Defendants. | CIVIL ACTION<br>NO. 16-59 |

**Slomsky, J.**                                                               **June 10, 2022**

## OPINION

## I.    INTRODUCTION

Before the Court is Defendant Keith Grimes's Second Motion to Suppress Evidence.  (Doc. No. 152.)  In the Motion, Keith Grimes ("Defendant") challenges the legality of the search warrant for the search of property he owns at 2012 McClellan Street ("2012 McClellan Street") in Philadelphia, Pennsylvania.  (Id. at 2.)  Specifically, he asserts that "there is no signature of the issuing authority at the designated location indicating that there was probable cause for the issuing of the search warrant."  (Id. at 2 ¶ 4.)  The "designated location" he refers to is located at the bottom of the page in which the affidavit of probable cause is found.  (Id.)  On May 11, 2022, the Government filed a Response in Opposition.  (Doc. No. 154.)  Because the issuing authority reviewed this search warrant affidavit for probable cause and signed it at another appropriate location in the search warrant application, Defendant's Second Motion to Suppress (Doc. No. 152) will be denied.

## II.  BACKGROUND

The factual background of this case was discussed at length in this Court's Opinion denying Defendant's First Motion to Suppress, which was based on <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).  <u>See</u> <u>United States v. Grimes</u>, Cr. No. 16-59, 2022 WL 1044054 (E.D. Pa. April 7, 2022). Thus, only the information relevant to the Second Motion to Suppress is outlined below.

On November 17, 2015, Philadelphia Police Officer Jason Yerges ("Officer Yerges") and Philadelphia Police Sergeant Andrew Callaghan ("Sergeant Callaghan") applied for a warrant to search Defendant's 2012 McClellan Street property.  (<u>See</u> Gov. Ex. A.)  The following day, the warrant was presented to Philadelphia Court of Common Pleas Judge Rayford A. Means ("Judge Means").  (Doc. No. 154 at 3.)

The warrant in question is one page in length and is titled "Application for Search Warrant and Affidavit."  (<u>See</u> Gov. Ex. A.)  Officer Yerges is the designated affiant in the warrant.  (<u>Id.</u>) In appropriate spaces in the application for the warrant are items to be searched for and seized at 2012 McClellan Street and Defendant's name as owner of the property.  (<u>Id.</u>)  Below this section, there is a large box in the center of the application labeled in capital letters: "PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES."  (<u>Id.</u>)   In this box is typed the phrase in capital letters "REFER TO ATTACHED."  At the bottom of this section, there is a small box and next to it states, "CHECK HERE IF ADDITIONAL PAPER IS USED." (<u>Id.</u>)  Officer Yerges checked this box.  (Doc. No. 154 at 3.)  And to the left of the checked box, it states in capital letters: "ATTACH ADDITIONAL PAPER (75-51) IF NECESSARY."  (<u>See</u> Gov. Ex. A.)  A two-page 75-51 form is attached which contains Officer Yerges's affidavit of probable cause.  (<u>Id.</u>)  It is headed in capital letters: "CONTINUATION OF SEARCH AND SEIZURE WARRANT #191778."  (<u>Id.</u>)

The next section of the application sets forth the following: "Sworn to (or affirmed) and subscribed before me this 18th day of Nov 2015."  (See Gov. Ex. A.)  Judge Means filled in the date and signed his name in the appropriate location underneath it.  (Id.)  The warrant was further approved by Philadelphia Assistant District Attorney Moore.[1]  (Doc. No. 154 at 3.)  Officer Yerges also signed the warrant.  (See Gov. Ex. A.)

As noted, attached to the search warrant is a two-page affidavit which details the facts establishing probable cause to search 2012 McClellan Street.  (See Gov. Ex. A.)  This affidavit is the document noted on page one as "REFER TO ATTACHED."  (Id.)  On the second page, Officer Yerges signed his name as the affiant.  (Id.)  Underneath the affiant's signature, however, is a space for the judge to sign as the "issuing authority."  (Id.)  The language reads "Sworn to (or affirmed) and subscribed before me this ___ day of ___15", which is identical to the language contained on the application for the warrant itself.  (See id.) (See also Doc. No. 154 at 4.)  Judge Means did not sign this portion of the affidavit.  Later that same day, the search warrant was executed at 2012 McClellan Street.[2]  (Doc. No. 154 at 4.)

On April 16, 2022, Defendant filed the Second Motion to Suppress, arguing that the search warrant and accompanying affidavit violated the Fourth Amendment because "there is no signature of the issuing authority at the designated location indicating that there was probable cause for the

---

[1]   Moore's first name is not given in the search warrant.  (See Gov. Ex. A.)

[2]   As detailed by this Court in its Opinion denying Defendant's First Motion to Suppress:

> Evidence seized during the search included 12 individually knotted plastic bags containing cocaine, 3 individually knotted plastic bags containing crack cocaine, one bag containing approximately 133 grams of marijuana, and various narcotics trafficking and packaging paraphernalia (such as a grinder, digital scale and pot, all bearing white residue), among other items.  (See Doc. No. 87 at 3.)

United States v. Grimes, Cr. No. 16-59, 2022 WL 1044054 at *4 (E.D. Pa. April 7, 2022).

3

issuing of the search warrant" and therefore "there was not a determination of probable cause at the time the warrant was purported to be issued." (Doc. No. 152 at 2.)  Thus, the items seized from 2012 McClellan Street should be suppressed from use at trial under the exclusionary rule.  (Id.)

On May 11, 2022, the Government filed a Response in Opposition.  (Doc. No. 154.)  In its response, the Government contends that Defendant "raises technical defections at best" that "are not a basis for suppression." (Id. at 1.)  Moreover, the Government notes that the judge did review the search warrant and signed off on the attached probable cause on the prior page at the appropriate spot for a signature, (id.), and even if there are technical defects with the warrant, "the good faith exception applies and thus the evidence should not be suppressed." (Id.)  Defendant's Motion has been fully briefed and is ripe for disposition.

## III.   ANALYSIS

Defendant argues that the search warrant and accompanying affidavit violated the Fourth Amendment because "there is no signature of the issuing authority at the designated location indicating that there was probable cause for the issuing of the search warrant" and therefore "there was not a determination of probable cause at the time the warrant was purported to be issued." (Doc. No. 152 at 2.)  Thus, the items seized from 2012 McClellan Street should be suppressed from use at trial under the exclusionary rule.  (Id.)  Under this rule, evidence obtained in violation of the Fourth Amendment will not be introduced at trial.  See Davis v. United States, 564 U.S. 229, 232 (2011).  As a general rule, "the burden is on the defendant who seeks to suppress evidence." [3]  United States v. Wright, Cr. No. 19-230, 2021 WL 4552282 at * 5 (E.D. Pa. Oct. 5, 2021) (quoting United States v. Johnson, 63 F.3d 242, 245 (3d Cir. 1995)).

---

[3]   However, once the defendant has established a basis for his motion, such as the search or seizure was conducted without a warrant, the burden shifts to the government to show that the search or seizure was reasonable.  Johnson, 63 F.3d at 245 (citing United States v. McKneely,

### A.  Fourth Amendment

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." United States v. Fautz, 812 F.Supp.2d 570, 603 (D. N.J. 2011) (citing U.S. CONST. amend. IV.)  Probable cause is established if there is a fair probability that contraband or evidence of a crime will be found in a particular place and is based on the "totality of the circumstances" available at the time of the search. Gomez v. Markley, 385 Fed.Appx. 79, 82-83 (3d Cir. 2010) (quoting Illinois v. Gates, 462 U.S. 213, 235 (1983)).

In approving or denying an application for a search warrant, "the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him … there is a fair probability that contraband or evidence of a crime will be found in a particular place." Wright, 2021 WL 4552282 at * 5 (quoting Gates, 462 U.S. at 235).  Because "reasonable minds frequently may differ on the question of whether a particular affidavit establishes probable cause," the United States Supreme Court has "concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." United States v. Leon, 468 U.S. 897, 914 (1984) (citing cases).

After examination of the search warrant application by this Court, it is clear that Judge Means made a probable cause determination.  The box in the center of the application for the warrant labeled "PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES" was filled in with the words "REFER TO ATTACHED."

---

6 F.3d 1447, 1453 (10th Cir. 1993)).  Here, the search of 2012 McClellan Street was conducted with a warrant that was supported by probable cause.  Therefore, the burden remains with Defendant.

Additionally, the box labeled "CHECK HERE IF ADDITIONAL PAPER IS USED" was checked. Taking these instructions together, it is evident that, to determine probable cause, the judge had to read the two pages following the first page of the warrant application.  Additionally, the face of the warrant application shows that it was sworn to and signed by Judge Means.  Since the language where the judge signs on the face of the warrant application and on the second page of the affidavit are identical, and Judge Means signed the application and determined that there was probable cause to search 2012 McClellan Street on the first page, there was no need for him to sign a second time affirming the presence of probable cause.

As an aside, there is no requirement in the text of the Fourth Amendment that the issuing authority sign the warrant.  See United States v. Jackson, 617 F.Supp.2d 316, 320 (2008) (citing U.S. CONST. amend. IV).  Rather, the Fourth Amendment states that a warrant shall not "issue" unless there is probable cause supported by oath or affirmation.  Id.  The signing of a search warrant is merely one way to signal that the search warrant complies with the Fourth Amendment's probable cause requirement.  Id. (citing cases).  In the absence of the signature, "a court may consider other evidence that the judge found probable cause and approved the warrant."  Id. (citing cases).  One piece of evidence a court may consider is "the presence of the issuing authority's initials or other imprimaturs of judicial authority on the warrant."  Id. (citing United States v. Pierce, 493 F.Supp.2d 611, 640 (W.D. N.Y. Sept. 6, 2006)).  Here, as noted, Judge Mean's did sign and date the warrant.  This is more than enough to satisfy the requirements of the Fourth Amendment.

**B.  Good Faith Exception**

Even if a search warrant is not supported by probable cause, the evidence seized may still be admissible under the good faith exception to the exclusionary rule.  United States v. Leon, 468

U.S. 897, 922 (1984).  In <u>Leon</u>, the Supreme Court held that evidence "obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate" is admissible under the Fourth Amendment, even if the search warrant is "ultimately found to be unsupported by probable cause."  <u>Id.</u> at 900.  By itself, "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search."  <u>Id.</u> at 922.

To determine whether the good faith exception applies, a court must inquire "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate judge's authorization."  <u>Wright</u>, 2021 WL 4552282 at *6 (citations omitted).  The Third Circuit Court of Appeals has clarified that the good faith exception applies when "an officer executes a search in objectively reasonable reliance on a warrant's authority."  <u>Id.</u>  (quoting <u>United States v. Hodge</u>, 246 F.3d 301, 307 (3d Cir. 2001)).   Thus, the good faith exception will only not apply in four "narrow situations":

1) when the magistrate judge issued the warrant in reliance on a deliberately or recklessly false affidavit;

2) when the magistrate judge abandoned his judicial role and failed to perform his neutral and detached function;

3) when the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or

4) when the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

<u>Wright</u>, 2021 WL 4552282 at *6-7 (quoting <u>United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents</u>, 307 F.3d 137, 146 (3d Cir. 2002) (internal quotations and citations omitted)).

Here, the evidence seized from 2012 McClellan Street will not be suppressed for the additional reason that the good faith exception applies.  See Leon, 468 U.S. at 914.  A reading of the four corners of the search warrant application and affidavit shows that it does not fall within any of the above four scenarios.  First, in deciding Defendant's First Motion to Suppress, this Court has already determined that the search warrant affidavit was not made with reckless disregard for the truth.  See Grimes, 2022 WL 1044054 at *5.  Second, Defendant has failed to proffer any evidence that the judge who authorized the warrant failed to act in a neutral and detached manner.  Third, also in the Opinion denying Defendant's First Motion to Suppress, this Court determined that the search warrant affidavit contained ample evidence supporting probable cause.  Id. at *6.  Finally, on the face of search warrant, it identifies 2012 McClellan Street as the place to be searched, names Defendant as the owner of the property, and lists the items to be seized.  See Wright, 2021 WL 4552282 at *7.  Accordingly, the good faith exception applies because the Philadelphia police acted with objectively reasonable reliance on the warrant's authority.  Id. (citing Hodge, 246 F.3d at 307).  Therefore, the items confiscated at 2012 McClellan Street pursuant to the search warrant will not be suppressed.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Second Motion to Suppress (Doc. No. 152) is denied.  An appropriate Order follows.